Jack Tuholske
Tuholske Law Office, P.C.
PO Box 7458
Missoula, MT 59897
(406) 721-6986
jtuholske@gmail.com

Douglas L. Honnold
Earthjustice
313 East Main St.
Bozeman, MT 59715
(406) 586-9699
Fax: (406) 586-9695
dhonnold@earthjustice.org

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____
                                    )
GREATER YELLOWSTONE                 )
COALITION,                          )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )
                                    ) Case No. 07-CV-134-DWM
CHRISTOPHER SERVHEEN, U.S. Fish     )
and Wildlife Service Grizzly Bear Recovery )
Coordinator, <u>et al.</u>,         ) **PLAINTIFF'S APPLICATION**
                                    ) **FOR ATTORNEY FEES AND**
            Defendants,             ) **COSTS**
                                    )
    and                             )
                                    )
NATIONAL WILDLIFE FEDERATION,       )
<u>et al.</u>,                      )
                                    )
            Defendant-Intervenors.  )
_____)

Pursuant to this Court's Order dated January 13, 2012 [Dkt. 147], plaintiff Greater Yellowstone Coalition ("GYC") applies for an award of attorneys' fees under the Endangered Species Act, 16 U.S.C. § 1540(g)(4) ("ESA"), and the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), in the amount of $355,606.25. This application also seeks an award of costs in the amount of $4,868.36 for a total request of $360,474.61. This application covers fees and costs for both appellate and district court proceedings.

This application is nearly identical in substance to the application for an award of attorneys' fees and costs that GYC filed in the United States Court of Appeals for the Ninth Circuit on January 10, 2012. At the joint request of GYC and defendants Christopher Servheen, H. Dale Hall, Dirk Kempthorne, and U.S. Fish and Wildlife Service (collectively, "FWS"), the Ninth Circuit transferred that application to this Court on January 11, 2012. GYC and FWS are now engaged in negotiations to settle GYC's claim of attorney fees and costs. If those negotiations are unsuccessful, GYC may seek leave to supplement this application with additional evidentiary support for GYC's claim.

## ARGUMENT

GYC is entitled to an award of attorneys' fees and costs in this case under both the ESA and EAJA. GYC primarily moves for fees pursuant to ESA section 11, which authorizes an award of plaintiffs' litigation costs, including attorneys'

fees, where the court determines such an award is appropriate.  16 U.S.C. §

1540(g)(4).[1]  An award is "appropriate" under the ESA where the plaintiffs have:

(1) had "some degree of success on the merits," Ruckelshaus v. Sierra Club, 463

U.S. 680, 694 (1983); and (2) served the public interest by assisting in the

implementation or interpretation of the ESA, Carson-Truckee Water Conservancy

Dist. v. Sec'y of the Interior, 748 F.2d 523, 525 (9th Cir. 1984), overruled on other

grounds, Marbled Murrelet v. Babbitt, 182 F.3d 1091 (9th Cir. 1999).  Both of

those factors have been satisfied here:  GYC obtained precisely the relief sought in

this action, as well as confirmation of error in the U.S. Fish and Wildlife Service's

(FWS) decision to remove Yellowstone grizzly bears from the list of threatened

and endangered species.

        In the alternative, GYC moves for fees pursuant to EAJA, under which a

court shall award fees and costs to a prevailing party unless the court "finds that

the position of the United States was substantially justified or that special

circumstances make an award unjust."  28 U.S.C. § 2412(d).[2]  GYC is entitled to

---

[1] Analyzing GYC's entitlement to fees under ESA section 11 is proper because this
citizen suit challenged FWS's failure to perform its non-discretionary duty to make
listing determinations under section 4 "solely on the basis of the best scientific and
commercial data available."  16 U.S.C. § 1533(b)(1)(A); see id. § 1540(g)(1)(C).
GYC complied with the notice provisions of section 11.  See 16 U.S.C. §
1540(g)(2).

[2] GYC meets the eligibility requirements for an award of fees and costs under
EAJA because it is exempt from taxation under § 501(c)(3) of the Internal Revenue
See 28 U.S.C. § 2412(d)(2)(B); Honnold Dec. ¶ 14.

fees under EAJA because it satisfies these statutory requirements.

I.   **GYC IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER THE ESA AND EAJA**

A.   **Plaintiff Obtained the Relief Sought**

GYC is eligible for fees under the ESA and EAJA because it is a prevailing party in this litigation.  GYC obtained the precise relief it sought—remand and vacatur of the challenged delisting decision—in both the district and the appellate court.  Under the ESA, an attorneys' fee award is "appropriate" when "some success on the merits [has] be[en] obtained."  Ruckelshaus v. Sierra Club, 463 U.S. 680, 682 (1983) (interpreting fee-shifting language of Clean Air Act); see Ass'n of Cal. Water Agencies v. Evans, 386 F.3d 879, 884 (2004) (same with respect to ESA fee-shifting provision).  A plaintiff may obtain fees as a "prevailing party" under EAJA by obtaining "a 'judicial imprimatur' that alters the legal relationship of the parties."  Watson v. County of Riverside, 300 F.3d 1092, 1096 (9th Cir. 2002); see also Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005).

The Ninth Circuit has held that a plaintiff in environmental citizen suits, including suits arising under the ESA, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  Saint John's Organic Farm v. Gem County Mosquito Abatement Dist., 574 F.3d 1054, 1062 (9th Cir. 2009) (emphasis by Ninth Circuit; citation and internal quotation marks

omitted).  Courts in this Circuit have interpreted this standard "quite strictly, such that fee awards should be the rule rather than the exception."  Id. (citation and internal quotation marks omitted).  "Under this standard, the court's discretion to deny a fee award to a prevailing plaintiff is narrow, and a denial of fees on the basis of special circumstances is extremely rare."  Id. at 1063-64 (quotations and citations omitted).

Because GYC prevailed on the merits in the district and appellate courts and obtained a court-ordered remand and vacatur of the challenged delisting rule, GYC is entitled to its attorneys fees under either the ESA or the EAJA standard.  See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Servs., 532 U.S. 598, 605 (2001); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (a plaintiff is a prevailing party where it succeeds on any significant issue in the litigation to achieve some of the benefit the parties sought).

**B.     GYC Has Contributed To The Goals Of The ESA**

GYC should be awarded fees under the ESA because it has made "a substantial contribution to the goals of a statute."  Carson-Truckee Water Conservancy Dist., 748 F.2d at 525-26.[3]  "By this standard, 'whether the party

_____

[3] District courts in the Ninth Circuit have disagreed whether Marbled Murrelet overruled Carson-Truckee's requirement for ESA plaintiffs to contribute to the goals of the statute to merit a fee award.  Compare Klamath-Siskiyou Wildlands Ctr. v. Babbitt, 105 F. Supp. 2d 1132, 1141-42 (D. Or. 2000) (recognizing overruling) with Envtl. Prot. Info. Ctr. v. Pacific Lumber Co., 229 F. Supp. 2d 993,

claiming costs or fees has prevailed does not control the inquiry on appropriateness[.]  [Instead,] the dominant consideration is whether litigation by the party has served the public interest by assisting the interpretation [or] implementation of the ... Act.'"  Envtl. Prot. Info. Ctr., 229 F. Supp.2 d at 998 (quoting Ala. Power Co. v. Gorsuch, 672 F.2d 1, 3 (D.C. Cir. 1982)).

The purposes of the ESA are "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved [and] to provide a program for the conservation of such endangered species and threatened species."  16 U.S.C. § 1531(b).  GYC's successful lawsuit furthered the ESA's conservation goals by ensuring that Yellowstone grizzly bears are not stripped of their ESA's protections before FWS has adequately addressed the threat to the population due to a decline in one of its major food sources.  See Greater Yellowstone Coal. v. Servheen, No. 09-36100, slip op. at 20353 (9th Cir. Nov. 22, 2011).

### C.    An Award Under EAJA Is Mandatory Because FWS's Position Was Not Substantially Justified

Although GYC is entitled to attorneys fees under the ESA because it succeeded on the merits of its claims and furthered the purposes of the ESA, GYC is alternatively entitled to attorneys fees under EAJA because the position of FWS

---

998-99 & n.3 (N.D. Cal. 2002) (reaching contrary conclusion), aff'd, 103 Fed. Appx. 627 (9th Cir. 2004).  The Court need not resolve this issue, as GYC has substantially contributed to the goals of the ESA.

4

was not "substantially justified." 28 U.S.C. § 2412(d). When "a party's eligibility has been proven, an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award unjust." Love v. Reilly, 924 F.2d 1492, 1495 (9th Cir. 1991). The agency bears the burden of proving that its position was substantially justified. Or. Natural Res. Council v. Marsh, 52 F.3d 1485, 1492 (9th Cir. 1995). The agency also bears the burden of proving any special circumstances making an award unjust. Love, 924 F.2d at 1495.

Given that GYC is a prevailing party, FWS cannot defeat an award of fees under EAJA unless the agency's "position," including "both the underlying [agency] action and the government's litigation posture," was "substantially justified." Rawlings v. Heckler, 725 F.2d 1192, 1195 (9th Cir. 1984). The Ninth Circuit equates "substantial justification" with "reasonableness," and thus the government's position is "substantially justified if it has a reasonable basis in law and fact." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (quoting Ramon-Sepulveda v. INS, 863 F.2d 1458, 1459 (9th Cir. 1988)) (internal quotations omitted). Even when some aspects of the agency's position were substantially justified, the court may still find that the agency's overall position was not. United States v. Marolf, 277 F.3d 1156, 1164 (9th Cir. 2002) (reversing denial of attorneys' fees because the district court focused solely on the agency's

5

litigation position).

Here, FWS cannot show that its position was reasonable, either in the underlying agency proceedings or in this litigation.  In rejecting the federal defendants' appeal in this case, the Ninth Circuit addressed each of FWS's "rationales … to support its conclusion that food shortages caused by whitebark pine declines are … 'not a threat' to the Yellowstone grizzly," and "f[ound] all of them lacking."  Greater Yellowstone Coal., slip op. at 20346.  In light of the Ninth Circuit's comprehensive rejection of each of FWS's arguments in support of delisting notwithstanding overwhelming evidence of the threat posed to grizzly bears by declining whitebark pine availability, federal defendants cannot meet their burden to prove that their position was substantially justified.[4]

In sum, GYC is entitled to its attorneys fees and costs under both the ESA, 16 U.S.C. § 1540(g)(4), and EAJA, 28 U.S.C. § 2412(d).

## II.   GYC'S FEE REQUEST IS REASONABLE

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley, 461 U.S. at 433.  This lodestar method of calculating reasonable attorney fee awards is now "the guiding light of our fee-

---

[4] There are no "special circumstances" that would make an award of fees inequitable in this case.  See, e.g., Oguachuba v. INS, 706 F.2d 93, 98 (2d Cir. 1983) (explaining that EAJA "directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party").

shifting jurisprudence." Perdue v. Kenny A., 130 S.Ct. 1662, 1672 (2010).  The

lodestar figure is a presumptively reasonable fee award.  Id. at 1669 ("strong

presumption"); Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir.

2008).

GYC requests attorneys' fees in the amount of $355,606.25 for 1,408.08

attorney, law clerk, and paralegal hours.  In addition, GYC seeks recovery of costs

in the amount of $4,868.36 for a total request of $360,474.61.[5]

### A.    GYC's Attorneys Request A Reasonable Rate

To determine proper hourly rates under the ESA, this Court should consider

factors such as "the amount of experience of the lawyers, the average rate of

lawyers in the area, and the complexity of the case."  Ass'n of Cal. Water

Agencies, 386 F.3d at 887.  Here, GYC requests a rate of $325/hour for Douglas

Honnold and Jack Tuholske, $225/hour for Rebecca Purdom, $200/hour for Jenny

Harbine, $150/hour for Sean Helle, and $75-$110/hour for law clerks and

paralegals.

The requested rates are reasonable because they are based upon rates that

courts have awarded to the same lawyers in previous environmental litigation, with

---

[5] These totals include fees and costs incurred in this litigation to date, and will be
supplemented as appropriate to account for time spent in support of GYC's fee
request.  A detailed breakdown of GYC's attorney hours and costs is set forth in
the attached Honnold Dec., Exhibits 1 and 2 and Tuholske Dec., Exhibit B.

a modest increase to reflect each attorney's increase in skill and experience since the cited orders were issued.  See Defenders of Wildlife v. Gould, No. CV-08-56-M-DWM, Order at 3 (D. Mont. Feb. 17, 2009), attached to Honnold Dec. as Exhibit 3 (awarding $300/hour for Honnold, $175/hour for Harbine, $125/hour for Helle, and $75/hour for law clerks); Bitterroot River Protective Ass'n v. Bitterroot Conservation Dist., 2011 MT 51, ¶ 45, 359 Mont. 393, ¶ 45, 251 P.3d 131, ¶ 45 (awarding $300/hour for Tuholske).

Further, the requested rates "are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). As detailed in the attached declarations by a leading Montana lawyer and a former Montana Supreme Court justice, the highest hourly billing rates in Montana range between $350 and $450 per hour.  See Regnier Dec. ¶ 2, attached to Honnold Dec. as Exhibit 4; Goetz Dec. ¶ 4, attached to Honnold Dec. as Exhibit 5; see also Procopio v. Allstate Ins. Co., No. CDV-05-659, Final Order Re Sanctions at 6-9 (Mont. Eighth Judicial Dist. Nov. 28, 2008), attached to Honnold Dec. as Exhibit 6 (ordering payment of attorneys' fees based on hourly billing rates of $400 per hour and $350 per hour for Montana lawyers).[6]

---

[6]  Public-interest attorneys are assigned a billing rate equal to their counterparts with comparable skill and experience who work in private practice.  See Blum v. Stenson, 465 U.S. 886, 895 (1984).

8

The attached declarations also demonstrate that GYC's attorneys are highly experienced and have excellent reputations in the legal community. "The Earthjustice Bozeman, Montana office [has] a well-earned national reputation for extremely high-quality legal work." Dreher Dec. ¶ 3, attached to Honnold Dec. as Exhibit 7. In particular, "Mr. Honnold and Mr. Preso are widely recognized both in Montana and nationwide as premier environmental law practitioners." Regnier Dec. ¶ 3. Mr. Tuholske likewise has earned accolades from his legal peers for excellent performance in public-interest environmental litigation. <u>See</u> Tuholske Dec. ¶ 3. Accordingly, the requested rates are justified.

GYC's requested rates are also warranted under EAJA. EAJA establishes a fee recovery rate of $125 per hour that is adjusted upward for inflation to account for cost of living increases. <u>See</u> 28 U.S.C. § 2412(d)(2)(A); <u>Ramon-Sepulveda v. Immigration & Naturalization Serv.</u>, 863 F.2d 1458, 1462 (9th Cir. 1988) (prescribing method for calculating cost of living increases).

First, the Court should adjust upward EAJA's hourly rate to account for the cost of living increase since 1996. The cost of living adjustment is calculated by enhancing EAJA's base hourly rate of $125 by the consumer price index for urban consumers for the year in which the fees were earned. <u>Thangaraja</u>, 428 F.3d at

876-77.  For 2007–2011, the Ninth Circuit's established cost-of-living adjusted statutory maximum rates under EAJA ranged from \$166.46 to \$179.51.[7]

Second, the Court should further adjust upward GYC's attorneys' rates to account for "special factors" present in this case.  To justify enhancement for special factors, GYC's attorneys must possess skills necessary to the litigation that cannot be retained at EAJA's statutory rate.  See Love, 924 F.2d at 1495.  This "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation."  Pierce v. Underwood, 487 U.S. 552, 572 (1988).

Federal environmental law is a specialized practice area warranting fee enhancements under EAJA.  See Love, 924 F.2d at 1496 ("Environmental litigation is an identifiable practice specialty that requires distinctive knowledge").  Moreover, "the combination of substantive legal knowledge and litigation expertise possessed by … attorneys" at Earthjustice (formerly known as Sierra Club Legal Defense Fund ("SCLDF")) "is found almost exclusively in public interest law firms like the Legal Defense Fund," of which there are very few. Wash. Dep't of Wildlife v. Stubblefield, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989).  Thus, courts have granted Earthjustice attorneys fee enhancements under

---

[7] Current statutory maximum EAJA rate information for the Ninth Circuit is available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

EAJA in numerous cases based on their environmental expertise and its limited availability.[8]  See, e.g., Portland Audubon Soc'y v. Lujan, 865 F. Supp. 1464, 1476 (D. Or. 1994).  For example, in the Washington Department of Wildlife case, the court awarded fees at an enhanced rate on grounds that "[t]he Sierra Club Legal Defense Fund . . . engages entirely in public interest environmental litigation, a discrete, specialized field of practice," and the SCLDF attorney in that case "demonstrated the requisite distinctive knowledge of and specialized skills in public interest environmental litigation."  739 F. Supp. at 1433 (emphasis original).

        Moreover, GYC's attorneys in this case have a long record of successful prosecution of cases arising under the ESA.  See, e.g., Sierra Club v. Glickman, 67 F. 3d 90 (5th Cir. 1995) (Earthjustice ESA case halting clearcutting on National Forest lands in Texas to save the endangered Red-Cockaded Woodpecker); Defenders of Wildlife v. Kempthorne, CV 05-99-M-DWM, slip op. at 18-19 (D. Mont. Sep. 29, 2006) (Earthjustice case vacating FWS 90-day petition finding that wolverine listing was not warranted violated the ESA); Rock Creek Alliance v. FWS, 390 F. Supp. 2d 993, 1009 (D. Mont. 2005) (Earthjustice case holding "FWS's determination that the proposed Rock Creek mine will not jeopardize the Cabinet-Yaak grizzly bear population is arbitrary and capricious."); Fund for

---

[8] Because GYC is eligible for attorneys' fees under the ESA citizen-suit provision, this Court need not consider of whether attorneys' expertise warrants a fee "enhancement" over the EAJA rate.  However, the requested rates are reasonable even under EAJA.

Animals v. Babbitt, 903 F. Supp. 96 (D.D.C. 1995) (Earthjustice case holding grizzly bear recovery plan violated the ESA for failing to include habitat recovery criteria); Friends of the Wild Swan v. U.S. Fish and Wildlife Serv., 945 F. Supp. 1388 (D. Or. 1996); Friends of the Wild Swan v. U.S. Fish and Wildlife Serv., 12 F. Supp. 2d 1121 (D. Or. 1997) (Tuholske cases resulting in the ESA listing of all remaining bull trout populations in the western United States).

Accordingly, the requested billing rates for GYC's attorneys are reasonable—both under the ESA and EAJA—in light of their expertise and the rates of other Montana attorneys of comparable skill.  See Ass'n of Cal. Water Agencies, 386 F.3d at 887.

### B.     The Hours Expended In Prosecuting This Case Are Reasonable

GYC seeks compensation only for hours reasonably expended in litigating this action.  To document their time, lawyers must "simply list[] and identify the general subject matter of [their] time expenditures" on their timesheets.  Fischer v. SJB P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (quotation and citation omitted).  As detailed in the attached contemporaneous daily records documenting each tenth of an hour of work time, GYC's attorneys, law clerks, and paralegals request compensation for time spent preparing and litigating this case in the district and appellate courts.  Additionally, GYC seeks compensation for time reasonably spent drafting the required notice of intent to sue under the ESA.  See id.; Pub.

12

Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1189 (3rd

Cir. 1995) (awarding time spent on analogous notice for Clean Water Act claim);

see also 16 U.S.C. § 1540(g)(2)(C) (ESA 60-day notice requirement).  In light of

the complexity of the evolving legal and scientific issues involved, the lengthy

administrative history of FWS's delisting rule, significant formal settlement and

mediation discussions, and the large number of defendants and defendant-

intervenors in this case, GYC's request is reasonable.

Further, counsel exercised billing judgment to eliminate categories of time

spent on activities that, while advancing GYC's interests in this case, were not

directly related to the litigation process.  GYC does not seek compensation for

hours excessive for the task, hours spent conferring with interested members of the

press and environmental community, and hours that were not strictly necessary for

the handling of the prosecution of the case or that were in any way duplicative.

Honnold Dec. ¶ 9; Tuholske Dec. ¶ 7.  GYC's fee request thus excludes 53.91

hours of hours of Timothy Preso, a senior lawyer in the Bozeman Earthjustice

office, 69.5 hours of Ms. Harbine's time, 34.92 hours of Mr. Helle's time, 10 hours

of law clerk time, and 327.2 hours of Mr. Honnold's time, reducing the total dollar

amount by more than $140,000.  Honnold Dec. ¶ 10.  To avoid potential

duplication with Earthjustice, Mr. Tuholske eliminated approximately one-third of

the time he spent on appellate proceedings (16 hours), further reducing this request

13

by $5,200.  See Tuholske Dec., ¶ 7.  "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case."  Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

The fact that GYC did not prevail on every argument it briefed does not serve as a basis for reducing its fee award.  "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."  Hensley, 461 U.S. at 440.  "In Hensley v. Eckerhart, [461 U.S. at 433-34], the U.S. Supreme Court pr[e]scribed a two-step process for calculating attorney's fees in a case of partial or limited success.  A court must consider (1) whether 'the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded,' and (2) whether 'the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'"  Watson, 300 F.3d at 1096 (brackets omitted).  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation. … Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters."  Hensley, 461 U.S. at 435 (footnote

14

omitted).  Moreover, as the Supreme Court has recognized, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."  Id.; see also Sierra Club v. EPA, 769 F.2d 796, 808 (D.C. Cir. 1985) (allowing recovery for time spent on general work relevant to the overall case rather than to any specific claim); Chem. Mfrs. Ass'n v. EPA, 885 F.2d 1276, 1281-83 (5th Cir. 1989) (same).

Here, GYC prevailed on two of the claims it briefed in the district court. GYC did not appeal its losing claims, and the Ninth Circuit affirmed GYC's victory on one of its claims.  While not all of its claims succeeded, GYC's lawsuit resulted in the precise relief sought:  restoration of Endangered Species Act protections for Yellowstone grizzly bears.

Although all of GYC's claims were interrelated and the litigation achieved "excellent results," GYC is voluntarily eliminating hours from this request that counsel spent briefing its losing claim in the appellate court.  Honnold Dec., ¶ 9.

After this exercise of billing judgment, MWA seeks reimbursement for the following attorney hours:

| Summary of Attorneys' Fees | | | |
|---|---|---|---|
| Attorney | Time | Rate | Total |
| Douglas Honnold | 510.9 | $325.00 | $166,042.50 |
| Jack Tuholske | 348.5 | $325.00 | $113,262.50 |

15

| | | | |
|---|---|---|---|
| Rebecca Purdom | 9.1 | $225.00 | $2,047.50 |
| Jenny Harbine | 123.5 | $200.00 | $24,700.00 |
| Sean Helle | 159.08 | $150.00 | $23,862.00 |
| Michelle Uberuaga | 12.0 | $100.00 | $1,200.00 |
| John Meyer | 60.5 | $100.00 | $6,050.00 |
| Rebecca Smith | 119.6 | $100.00 | $11,960.00 |
| Rebecca Smith | 7.3 | $110.00 | $803.00 |
| Paralegal | 54.35 | $100.00 | $5,435.00 |
| Intern | 3.25 | $75.00 | $243.75 |
| Total Attorney Fees | 1,408.08 | | **$355,606.25** |

In light of GYC's success and the overall reasonableness of GYC's request, GYC should be compensated for all hours identified in this request.

## III.  GYC IS ENTITLED TO RECOVER COSTS AND EXPENSES

In addition to its claim for attorneys' fees, GYC is entitled to recover its costs and expenses associated with this litigation.  See Greater Yellowstone Coal., No. 09-36100, slip op. at 20358 ("Costs are awarded to Plaintiff-Appellee."). Here, GYC seeks a total of $4,868.36 in costs and expenses incurred in this litigation, including filing fees, postage and delivery service, computer legal research, telephone, copying, and travel expenses—all expenses for which GYC's

16

attorneys routinely bill its clients for reimbursement.  <u>See</u> Honnold Dec., Exhibit 2 (itemizing costs and expenses); Tuholske Dec., Exhibit B (same).

## CONCLUSION

For all of the foregoing reasons, GYC respectfully requests that the Court award it attorneys' fees, costs, and expenses of $360,474.61 for its lawyers' work on this case.

Respectfully submitted this 29th day of February, 2012.

    s/ Douglas L. Honnold

Douglas L. Honnold
Timothy J. Preso
Jenny K. Harbine
Earthjustice
313 East Main Street
Bozeman, MT 59715
(406) 586-9699 | Phone
(406) 586-9695 | Fax

Jack R. Tuholske
Tuholske Law Office PC
P.O. Box 7458
Missoula, MT 59807
(406) 721-6986 | Phone

*Counsel for Plaintiff Greater Yellowstone Coalition*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I hereby certify that the foregoing

application contains 4,089 words, excluding the caption and this certificate, as

determined by the word count function of Microsoft Word 2010.

Dated this 29th day of February, 2012.

s/ Douglas L. Honnold

18